NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL J. BATTISTA, THE MARLIN RESTAURANT AND BAR, INC., and THE CATCH, INC. t/a THE KETCH,

Plaintiffs,

v.

BOROUGH OF BEACH HAVEN,

Defendant.

Civ. No. 16-1918

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court on a motion for judgment on the pleadings brought by Defendant Borough of Beach Haven ("the Borough"). (ECF No. 14). Plaintiffs Michael J. Battista, The Marlin Restaurant and Bar, Inc., and The Catch, Inc. t/a The Ketch ("Plaintiffs") oppose. (ECF No. 16). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Borough's motion will be granted.

BACKGROUND

This case involves a dispute between a local bar and restaurant owner, Michael J. Battista ("Battista"), and the Borough over the transfer of an alcoholic beverage license. The Borough's governing body issues alcoholic beverage licenses and decides matters related to the transfer and renewal of licenses pursuant to New Jersey's Alcoholic Beverage Control Law. Battista is the owner of two restaurants in the Borough that serve alcoholic beverages in accordance with their

1

licenses: a bar and restaurant known as The Ketch, as well as another bar and restaurant known as The Marlin. Both restaurants are plaintiffs in this action, along with Battista.

At some point prior to December 2015, Battista contracted to sell The Ketch to William Burris and his business partners ("Burris"). However, the sale of The Ketch was contingent on certain conditions being met. One condition was that Battista obtain approval from the local land use board to make certain changes to the premises. To fulfill this condition, Battista sought approval to build additional decking at The Ketch, and to build a pedestrian bridge connecting The Ketch to a restaurant across the street called The Boat House. Burris also intended to purchase The Boat House, which does not have an alcoholic beverage license. On December 7, 2015, the land use board granted approval for Battista's plan, but on the condition that The Ketch receive a place-to-place transfer of its alcoholic beverage license to cover the expansion to The Boat House.

Battista, Burris, and The Ketch then applied to the Borough for a place-to-place transfer of The Ketch's alcoholic beverage license. The Borough held hearings on the transfer application on February 8, 2016 and February 17, 2016. On February 17, 2016, the Borough voted to deny the application. Consequently, on February 29, 2016, Plaintiffs filed a notice of petition and appeal of the transfer denial with the Director of New Jersey's Division of Alcoholic Beverage Control. That appeal is currently pending.

Meanwhile, on April 6, 2016, Plaintiffs filed a complaint against the Borough in federal court. The complaint alleges two federal claims: taking without just compensation and violation of due process under the United States Constitution. The complaint also alleges five state claims: breach of contract, claim in lieu of a prerogative writ, violation of due process under the

New Jersey Constitution, violation of the Alcoholic Beverage Control Law, and violation of the Open Public Records Act.

Plaintiffs allege that the Borough improperly considered ex parte communications in making its February 17, 2016 decision, denied the transfer despite the fact that Plaintiffs met all of the requirements, and failed to provide the required five days' notice of the denial. Plaintiffs further allege that the Borough has treated other restaurants and bars, namely The Boat House and a restaurant called The Baldwin Grill, LLC, more favorably when making similar decisions. Plaintiffs previously sued the Borough in 1997, alleging discrimination in favor of other businesses, restaurants, and bars. The parties settled the 1997 lawsuit with a stipulation resulting in the payment of money damages and a written agreement in which the Borough promised not to discriminate against Plaintiffs. Plaintiffs allege that the denial of the place-to-place license transfer violated this agreement not to discriminate against them.

The Borough filed an answer on May 10, 2016. Then, the Borough filed a motion for judgment on the pleadings on May 31, 2016. This motion is presently before the Court.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court will grant judgment on the pleadings only if the movant clearly establishes that there are no material issues of fact and he is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *Spruill v. Gillis,* 372 F.3d 218, 223 n.2 (3d Cir. 2004). The court will accept the complaint's well-pleaded allegations as true, and

construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262 (3d Cir. 2008) (citing *Allah v. Brown,* 351 F. Supp. 2d 278, 280 (D.N.J. 2004)).

B. Analysis

The Borough moves for judgment on the pleadings on a variety of legal theories. Because the Court finds that one of these issues is dispositive, the Court will not address the other arguments. The Court agrees that Plaintiffs' federal claims are not ripe for adjudication, as an appeal of the denial of transfer is currently pending with the Director of New Jersey's Division of Alcoholic Beverage Control.

*1. Plaintiffs' Federal Claims: Counts I and IV*

The ripeness doctrine serves "to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Khodara Envtl., Inc. v. Blakey,* 376 F.3d 187, 196 (3d Cir. 2004). In *Williamson County Regional Planning Com. v. Hamilton Bank,* 473 U.S. 172, 186, 194-95 (1985), the Supreme Court held that an as-applied takings claim such as the one brought by Plaintiffs is not ripe until (1) the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue, and (2) the plaintiff has unsuccessfully exhausted the state's procedures for seeking "just compensation," so long as the procedures provided by the state were adequate. *Cty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006). The Third Circuit has extended *Williamson* to cover due process claims that are related to the underlying takings claim. *Taylor Investment, Ltd. v. Upper Darby Township*, 983 F.2d 1285 (3d

4

Cir. 1993); *see also Ash v. Redevelopment Auth. of Philadelphia*, 143 F. App'x 439, 442 (3d Cir. 2005).

Plaintiffs argue that *Williamson County* does not apply to purported takings of private property such as this action, because *Williamson County* only applies to actions involving real property. However, Plaintiffs do not cite any cases that adequately support this position. The language of *Williamson County* does not support this contention, as the case discusses "property" and not "real property." *See Williamson County*, 473 U.S. at 194-95. Moreover, the Borough cites several cases suggesting that *Williamson County* does apply to other actions. *See CBS Outdoor Inc. v. New Jersey Transit Corp.*, No. 06-2428, 2007 WL 2509633, at *10 (D.N.J. Aug. 30, 2007), *aff'd sub nom. Carole Media LLC v. New Jersey Transit Corp.*, 550 F.3d 302 (3d Cir. 2008) (applying *Williamson County* to a case involving billboard licenses); *Rizzo v. Connell*, No. 10-4136, 2012 WL 32206, at *4 (D.N.J. Jan. 5, 2012) (applying *Williamson County* to a case involving a lease for shellfish harvesting). Consequently, the Court finds Plaintiffs' argument unpersuasive.[1]

In the alternative, Plaintiffs claim that this case satisfies two exceptions to *Williamson County*. First, Plaintiffs argue that they meet the exception that a plaintiff need not apply for a site plan or land use approval if such application would be futile. Second, Plaintiffs argue that they meet the exception that exists when a municipality acts maliciously or in bad faith. In making their first argument, Plaintiffs argue that further advocacy to the Borough would be futile given the Borough's vigorously defended position on the transfer application. But Plaintiffs

---

[1] In rejecting Plaintiffs' assertion, the Court does not make a determination on the Borough's argument in the alternative that no taking occurred because an alcoholic beverage license is not property. Such a determination would improperly go to the merits of the case while the case is not yet ripe, as the Court concludes below.

ignore the necessity of pursuing remedies at other levels: courts in this circuit "have consistently applied [the] finality rule to bar constitutional claims by property owners or tenants who have challenged the denial of a permit by an initial decision-maker but failed to take advantage of available, subsequent procedures." *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 573-75 (3d Cir. 2003). As for Plaintiffs' second argument, the Court finds that this exception is inapplicable. Some federal courts have recognized an exception to *Williamson County*'s ripeness requirement for malicious behavior in the case of "bona fide equal protection claims" arising from land-use decisions. *See, e.g.*, *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 543 (7th Cir. 2008); *Rumber v. D.C.*, 487 F.3d 941, 945 (D.C. Cir. 2007). However, Plaintiffs do not assert an equal protection claim in this matter. Consequently, Plaintiffs satisfy neither of the claimed exceptions.

In light of the above, the Court finds that *Williamson County* applies to Plaintiffs' takings claim as well as their related federal due process claim. Applying *Williamson County* to the facts of this case, it is clear that these claims are not yet ripe. Plaintiffs' appeal is currently pending before the Director of the Division of Alcoholic Beverage Control. The Director may still reverse the Borough's decision, thus rendering a ruling from this Court premature. Moreover, even if Plaintiffs fail to receive redress through the state's administrative mechanisms, Plaintiffs may not file an as-applied takings claim in federal district court until they have first filed a claim in state court.[2] *See ISP Envtl. Servs., Inc. v. Morris Companies*, No. 05-4249, 2007 WL

---

[2] Plaintiffs argue that this requirement does not apply as they are only seeking equitable relief, not compensation. This argument is contradicted by Plaintiffs' complaint, which explicitly seeks "just compensation" and "monetary damages" for the denial of the transfer application. (*See* Compl. 16, 24, ECF No. 1). In any case, the application of *Williamson County* is not restricted to cases involving monetary damages. *See Unix Sys. Labs., Inc. v. Berkeley Software Design, Inc.*, 832 F. Supp. 790, 806 (D.N.J. 1993).

1302995, at *7 (D.N.J. May 3, 2007), *aff'd sub nom. ISP Envtl. Servs., Inc. v. City of Linden*, 287 F. App'x 999 (3d Cir. 2008); *Heir v. Del. River Port Auth.,* 218 F. Supp. 2d 627, 633 n.5 (D.N.J. 2002); *Unix Sys. Labs., Inc.*, 832 F. Supp. at 806. Plaintiffs gave no indication that they had pursued remedies in state court before turning to this court. Given this, the Court finds that Plaintiffs failed to exhaust the procedures provided by the state.

Plaintiffs might still pass the second prong of the *Williamson County* test if the state's procedures were found to be inadequate. However, there was no indication that the procedures were inadequate in this case. Because Plaintiffs failed to exhaust the state's procedures for receiving just compensation, and the state's procedures appear to be adequate, the Court will dismiss Plaintiffs' takings claim and the related federal due process claim for lack of ripeness.

    2. *Plaintiffs' State Claims: Counts II, III, IV,[3] V, and VI*

Given that both of Plaintiffs' federal claims will be dismissed, only Plaintiffs' state claims remain. However, jurisdiction in this Court was premised upon federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiffs' federal claims will be dismissed, and the case was premised on federal question jurisdiction, the Court no longer possesses original subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1331; *Vurimindi v. Wyeth Pharm.*, 447 F. App'x 426, 427 (3d Cir. 2011). Ordinarily, this would mean that the remaining state law claims should be dismissed, unless the Court chooses to exercise supplemental jurisdiction over them.[4]

---

[3] Count IV included claims under both the United States Constitution and the New Jersey Constitution.

[4] As an alternative to the exercise of supplemental jurisdiction, Plaintiffs request that this Court remand some of the claims to the state court for discovery and trial. This request must be denied. Remand is not permitted where a complaint was initially filed in federal court, as it was in this case. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010).

Under 28 U.S.C. § 1367, the Court may choose to exercise supplemental jurisdiction over the state law claims, but only if considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "Absent extraordinary circumstances, jurisdiction [over plaintiff's state law claims] should be declined where the federal claims are no longer viable." *Kalick v. United States*, 35 F. Supp. 3d 639, 649 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015) (citation omitted) (alteration in original); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 319-20 (D.N.J. 2015). Generally, if the underlying federal question claim is dismissed before trial, the federal court will decline to exercise supplemental jurisdiction. *See, e.g.*, *Lancaster*, 45 F.3d at 788; *Mattern*, 131 F. Supp. 3d at 320. This helps the Court avoid making needless decisions of state law "both as a matter of comity and to promote justice between the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Because Plaintiffs must pursue their takings claim in the state court system before coming to federal court, exercising supplemental jurisdiction would split Plaintiffs' claims between two courts. Therefore, judicial economy weighs against this Court exercising supplemental jurisdiction. Given the early stage of litigation, neither party will be unduly inconvenienced or prejudiced by this decision. Moreover, no extraordinary circumstances appear to be present that would justify exercising supplemental jurisdiction. Plaintiffs argue that given the forty-five day limitation on filing an action in lieu of prerogative writ, Count III of this action had to be filed promptly or deemed waived, even though the administrative appeal is pending. But it is not clear that this Court would have jurisdiction over such a claim, even if the Court found it prudent to exercise supplemental jurisdiction: this Court previously found that

"[f]rom the history and plain language of the provisions allowing for a plaintiff to assert an action in lieu of prerogative writ, along with the tenants of various federal comity doctrines, it is highly questionable that a plaintiff can maintain action in mandamus in lieu of prerogative writ in this Court to compel a municipality's town council to act in a certain way." *Armano v. Martin*, No. 15-2634, 2016 WL 184418, at *10 n.9 (D.N.J. Jan. 15, 2016). Therefore, the Court does not find that the forty-five day limitation on filing an action in lieu of prerogative writ created extraordinary circumstances.

Consequently, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and the entire matter will be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Borough's motion will be granted, and Plaintiffs' claims will be dismissed without prejudice. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** July 15, 2016

9